[Civ. No. 9173.   Fourth Dist., Div. One.   May 8, 1969.]

ROBERT F. GRAY, Plaintiff and Appellant, v. JOSEPH WAGNER et al., Defendants and Respondents.

Henry P. Johnson for Plaintiff and Appellant.

Higgs, Jennings, Fletcher & Mack, Joel C. Estes and J. Lawrence Irving for Defendants and Respondents.

BROWN (Gerald), P. J.—Robert F. Gray appeals a defense judgment in a jury-tried personal injury action claiming the court erred when reinstructing the jury at its request.

Gray was injured when, after dining at defendants' restaurant, he sprinted in the rain toward his car in the restaurant

parking lot and tripped over a wood brace holding a log wheel stop erected by defendants to prevent cars from running into the restaurant building.

The jury was fully and fairly instructed on all elements of the case. Gray does not contend otherwise. During deliberations, the jury foreman requested ''a repeat of the definitions of contributory negligence and its effect upon negligence.'' Complying with the jury's request the court repeated its instructions concerning definition of negligence (BAJI 101), definition of ordinary care (BAJI 102), variation in amount of caution (BAJI 102A), definition of contributory negligence and its effect (BAJI 103.1), prohibition against comparison of negligence (BAJI 136) and the issues to be determined where contributory negligence may be involved (BAJI 113).

Gray asked the trial court to reinstruct on the duty owed an invitee by the owner or occupier of premises (BAJI 213C). He assigns as error the trial court's refusal to repeat this instruction.

The trial court fully complied with the jury's request. The instruction on an invitor's duty deals with matters determining the defendants' negligence. The jury asked for instructions on the plaintiff's contributory negligence and its effect, a matter unaffected by any concept of an invitor's duties.

A party is not entitled as a matter of right to have instructions re-read which were not requested by the jury. (*Pittman* v. *Boiven,* 249 Cal.App.2d 207, 219 [57 Cal.Rptr. 319].) Moreover, contributory negligence is not significant until a breach of duty by defendants has been found to exist. The jury was told this when the court instructed in the language of BAJI 113. We must assume the jury followed the instruction. The jury's request for a repeat of the contributory negligence instructions indicates it had determined the defendants breached their duty of care. (See *Mezerkor* v. *Texaco Oil Co.,* 266 Cal.App.2d 76, 103-104 [72 Cal.Rptr. 1, 19-20, and p. 639].) A failure to further instruct on an issue already determined favorably to Gray would serve no purpose except possibly to prejudice him by confusing the jury on that issue.

Judgment affirmed.

Coughlin, J., concurred.

Whelan, J., deeming himself disqualified, did not participate in this decision.